**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-02524-001-TUC-RCC (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Luis Alberto Guzman-Fierro, | |
| Defendant. | |

Before the Court is Luis Alberto Guzman-Fierro's Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) (Compassionate Release Due to Covid-19). (Doc. 40.) For the reasons stated herein, the Court denies the motion.

I. *Relevant Facts*

Guzman-Fierro was indicted on four counts related to the importation of methamphetamine: conspiracy to possess with intent to distribute, possession with intent to distribute, conspiracy to import, and importation. (Doc. 7.) The defendant pleaded guilty, and the Court sentenced Guzman-Fierro to forty-eight months' imprisonment. (Doc. 28.) As of the date of this Order, Guzman-Fierro has served approximately 34 months in prison; in other words, approximately 70 percent of his sentence. (*See* Doc. 40 at 2.) His projected release date is April 5, 2022. (Doc. 49 at 2.)

II. *Standard of Review*

Guzman-Fierro's motion is brought under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391,

132 Stat. 5194. The statute allows a court to modify a term of imprisonment upon a motion from the defendant when: (1) the defendant has exhausted his administrative remedies; (2) the court has considered the section 3553(a) factors; and (3) the court finds that (i) "extraordinary and compelling reasons warrant such a reduction," or that (ii) the defendant is 70 or over, has been imprisoned at least 30 years, and has been found not to present a danger to the community. 18 U.S.C. § 3582(c)(1)(A). The reduction must also be "consistent with [the Sentencing Commission's] applicable policy statements." *Id.*

Reducing a sentence under the compassionate release statute is reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." *See* 28 C.F.R. § 571.60 (2000). The U.S. Sentencing Guidelines' (U.S.S.G.) Application Note § 1B1.13 offers guidance for when "extraordinary and compelling" circumstances exist, including:

> (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances, including "death or incapacitation of the caregiver of the defendant's minor child"; and (D) other reasons, as determined by the Director of the Bureau of Prisons, that amount to an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)."

*United States v. Foster*, 492 F. Supp. 3d 1117 (D. Or. 2020) (quoting U.S.S.G. § 1B1.13 app. n.1(A)–(D)). Although not required of the district courts, U.S.S.G. § 1B1.13 may offer persuasive reasons for finding an inmate's circumstances extraordinary and compelling. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."). Nevertheless, it is rare to receive a sentence reduction because of a medical issue. *United States v. Johns*, No. 2:91-CR-00392, 2019 WL 2646663, at *2 (D. Ariz. June 27, 2019). Additionally, the existence of the Coronavirus and its potential to infect inmates at a particular prison is not enough, alone, to reduce a sentence under the compassionate release statutes. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of Covid-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

However, in some instances, the Coronavirus has been found to be an extraordinary and compelling circumstance when combined with other risk factors. *See Foster*, 492 F. Supp. 3d at 1120 (finding extraordinary circumstances due to the combination of defendant's asthma, upper respiratory illnesses, and existence of Covid-19 cases); *see also United States v. Marty*, No. 2:13-CR-0217, 2020 WL 7425338, at *3 (E.D. Cal. Dec. 18, 2020) (determining Covid-19, asthma, and other health risks posed extraordinary circumstances).

### III. Exhaustion

The Government does not argue that Guzman-Fierro has exhausted his administrative remedies. The Court, therefore, presumes Guzman-Fierro has met the exhaustion requirement.

### IV. Extraordinary and Compelling Reasons

Guzman-Fierro is obese and suffers from hypertension, hyperlipidemia, and pulmonary issues. (Doc. 40 at 2.) He argues that, in combination with the dangers of Covid-19, these issues create extraordinary and compelling circumstances warranting early release. (*Id.*)

According to the Center for Disease Control, obesity and hypertension may increase a person's risk for developing severe complications from Covid-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last visited Sept. 2, 2021) (stating increase in risk of severe illness from Covid-19 for patients with obesity supported by meta-analysis or systematic review, and mixed evidence for those with hypertension). But, from what is known at this moment, vaccination is the most effective method available to protect against the serious health issues resulting from the Coronavirus, and "absent some shift in the scientific consensus, Defendant's vaccination against Covid-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Beltran*, No. 6:16-CR-00004, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021).

While Guzman-Fierro's obesity, hypertension, and hyperlipidemia are risk factors recognized by the CDC, he has been vaccinated against Covid-19. Guzman-Fierro cites to

several non-precedential cases stating that despite vaccination, his circumstances are extraordinary and compelling, but these do not mirror the facts of this case. Guzman-Fierro's vaccination tips the scale against early release.

Guzman-Fierro argues that inmates face a conundrum. For if an inmate is vaccinated, the government will claim vaccination precludes early release. But, if an inmate refuses vaccination, he or she is at an equal disadvantage because the government still argues against release. Moreover, Guzman-Fierro asserts vaccination does not negate the risks of breakthrough symptoms due to variants of Covid-19, and so he is still at grave risk. In addition, although Guzman-Fierro did get the vaccine, other inmates and a large portion of the population in Texas where he is incarcerated is not fully vaccinated. Therefore, Guzman-Fierro claims, Covid-19 still poses a serious health threat to him, and the Court should not keep him confined any longer.

The Court understands Guzman-Fierro's contention, but it does not negate the fact that his best bet for preventing serious health consequences from Covid-19 while incarcerated is to receive the vaccine. The Court finds Guzman-Fierro has not presented the extraordinary and compelling reasons necessary to permit his immediate release.

V. *§ 3553(a) Factors*

Even if an inmate has presented a compelling and extraordinary case for early release, the Court must also weigh the § 3553(a) factors to determine whether release is warranted. *See* 18 U.S.C. § 3582(c)(1)(A). The § 3553(a) "factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

Guzman-Fierro admitted to knowingly transporting seventeen packages—equaling 86.48 kilograms—of methamphetamine into this country with a minor-aged child in the vehicle. (*See* Presentence Report ("PSR"), Doc. 23 at ¶ 4.) With a criminal history I and

total offense level of 27, Guzman-Fierro faced a guidelines range of 70–87 months' incarceration. (*Id.* at ¶ 43.) The Court sentenced Guzman-Fierro below this range; a significant reduction considering the severity of the crime. Guzman-Fierro has not yet served eighty percent of his sentence; to further shorten his sentence would create a sentencing disparity between him and others committing similar offenses. This would undermine the purposes of sentencing. Therefore, the Court is not inclined to grant relief.

Accordingly, IT IS ORDERED Luis Alberto Guzman-Fierro's Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) (Compassionate Release Due to Covid-19) is DENIED. (Doc. 40.)

Dated this 2nd day of September, 2021.

Honorable Raner C. Collins
Senior United States District Judge